## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| CHRISTOPHER DESA, | Civil Action No. 14-6355 (SRC) |
| Plaintiff, | **OPINION** |
| v. | |
| DETECTIVE TODD RITTER, et al., | |
| Defendants. | |

**CHESLER**, District Judge

This matter comes before the Court on two motions for summary judgment. One motion has been filed by Defendant Detective Todd Ritter ("Ritter") and the other by Defendants Township of Piscataway and Piscataway Police Department (collectively, "Piscataway"). Plaintiff Christopher Desa ("Plaintiff" or "Desa") has submitted an opposition which is intended to address both motions. The Court has reviewed the papers filed by the parties. It proceeds to rule on the motion filed by Piscataway without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, that motion for summary judgment will be granted. The Court will not, however, consider Ritter's summary judgment motion at this time.

### I.    Motion by Defendant Ritter

Ritter's motion for summary judgment will be dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure 56, in particular with Rule 56(c). As clearly stated by Rule 56, the core of a motion for summary judgment lies in a demonstration by the movant "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56(a). The rule proceeds to explain how a movant must make this showing. It expressly requires a moving party asserting that a fact cannot be genuinely disputed to support the assertion by

> (A) *citing* to *particular parts of materials in the record*, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that *the materials cited* do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c) (emphasis added). While Ritter has submitted a statement of material facts that he contends are not in dispute, as is required by Rule 56(c)(1) and Local Civil Rule 56.1, the brief filed in support of Ritter's motion lacks detailed and specific citations to the parts of the factual record that might support his arguments. Indeed, the brief is, with few exceptions, largely devoid of citations to the record. As the movant for relief pursuant to Rule 56, Ritter bears the obligation of demonstrating to the Court that the evidence of record shows that there is no genuine dispute of facts relating to Plaintiff's claims and that Plaintiff cannot, therefore, prevail as a matter of law. Rule 56 further states that the facts asserted must be supported by evidence that would be admissible at trial. <u>See</u> Fed. R. Civ. P. 56(c)(2). In one of the few citations to the record, Ritter's brief relies on a recitation of facts considered by his police procedures expert in forming the expert opinion. While an expert may base his opinion on facts of which he has been made aware, the report's disclosure of facts reviewed does not constitute admissible evidence of the facts on which Plaintiff's claims in this lawsuit are based, namely the incidents of Desa's arrest. <u>See</u> Fed. R. Evid. 602 and 703; Fed. R. Civ. P. 56(c)(4).

The Court cannot speculate as to whether the record contains evidence to support the facts asserted by Ritter. On this matter, it heeds the guidance of the Third Circuit, which has stated:

> It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record." And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments."

United States v. Claxton, 766 F.3d 280, 307, 61 V.I. 715 (3d Cir. 2014) (citations omitted). The Court emphasizes that it does not, at this time, express any opinion as to the merits of Ritter's motion for summary judgment. The motion will simply be dismissed without prejudice as deficient under Rule 56. Ritter may re-file the motion in a form in compliance with the rule.

Additionally, the Court must draw attention to the utter deficiency of Plaintiff's opposition, which lacks citations to evidence in the record indicating a factual dispute. It also lacks the required responsive statement of material facts. Plaintiff, as the non-movant, is likewise under an obligation pursuant to Rule 56 to support his factual assertions with citations to particular parts of materials in the record. See Fed. R. Civ. P. 56(c)(1). Plaintiff must also comply with Local Civil Rule 56.1, which requires the party opposing summary judgment to "furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion." L. Civ. R. 56.1(a). The local rule proceeds to warn that "any material fact not disputed [in such a responsive statement] shall be deemed undisputed for purposes of the summary judgment motion." Id. Indeed, this consequence echoes Rule 56, which similarly provides that "if a party fails to properly support an assertion of fact or fails to properly

address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. P. 56(e)(2).

Plaintiff is advised that any submission made in opposition to Defendant Ritter's re-filed motion for summary judgment must comply with Rule 56 and must include a responsive statement of material facts as required by Local Civil Rule 56.1, with citations to the particular portions of the record supporting Plaintiff's own assertions and/or his disagreements with the facts asserted by Ritter. Should Plaintiff's submission fail to comply with Rule 56 and Local Rule 56.1, it will be disregarded by the Court, and the motion will be deemed unopposed.

## II.     Motion by Defendant Piscataway

The Court turns, then, to the motion for summary judgment filed by Defendant Piscataway. Only a brief background of the facts underlying this action is necessary to analyze the motion under the standard of Federal Rule of Civil Procedure 56.

This is an action for the alleged violation of Plaintiff Desa's civil rights arising from his October 16, 2012 arrest. On that date, officers of the Piscataway Police Department, including Defendant Ritter, apprehended Desa in the parking lot of a motel located in Linden, New Jersey. The officers approached Desa as he was behind the wheel of a car backing out of a parking spot. According to Desa, Detective Ritter smashed the front window of the car and pointed a submachine gun at Desa. Plaintiff alleges he did not know that Ritter was a police officer, feared for his life and continued to back up his vehicle. In the process, Desa ran over Ritter's foot, which Plaintiff maintains was an accident. Ritter fired several rounds from his weapon, striking Desa in the face and chest. Desa attempted to flee, driving the car forward, and was again struck by bullets from two subsequent bursts of rounds fired by Ritter. Desa ultimately crashed the vehicle and was taken into custody.

Plaintiff filed this lawsuit on October 14, 2014. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331. Piscataway has moved for summary judgment on the entirety of the Complaint. The Complaint asserts two claims against Piscataway: (1) a civil rights claim pursuant to 42 U.S.C. § 1983, alleging that the municipality is liable for excessive force in violation of the Fourth Amendment (Count 4); and (2) a tort claim for negligence (Count 5). The Complaint also pleads a section 1983 claim against Ritter, as well as tort claims for assault and battery, false arrest and illegal imprisonment, and negligence against the individual officer.

As to the section 1983 claim, Piscataway has demonstrated that it is entitled to relief under Rule 56. "[W]ith respect to an issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Piscataway correctly argues that the record contains no evidence that would support the essential elements of a claim seeking to hold the municipality of Piscataway liable for alleged constitutional violations committed in the course of Desa's arrest. The Supreme Court has held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agent." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A theory of *respondeat superior* will not subject a municipality to liability under section 1983. Id. at 690-91. To prevail on a civil rights claim against Piscataway, Plaintiff must meet the standard of liability articulated by the Supreme Court in Monell v. Department of Social Services, which held that municipal liability attaches only "when execution of a government's *policy or custom*, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" of

which a plaintiff complains. Id. at 694 (emphasis added); see also Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003) (holding that, for a municipal defendant to be liable under section 1983, a plaintiff must provide evidence of a relevant policy or custom and demonstrate that the policy caused the alleged constitutional violation). The Third Circuit has made clear that "[n]ot all state action rises to the level of a custom or policy." Natale, 318 F.3d 584. It has held as follows:

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986) (plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." Bd. of County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 404 (1997).

Custom may also be established by evidence of "knowledge and acquiescence." Beck v. Pittsburgh, 89 F.3d 966, 971 (3d. Cir. 1996). Additionally, a Monell claim includes an element of causation. Once the plaintiff has identified the existence of a policy or custom relevant to the complained-of constitutional violation, he must then show that the municipality was the "moving force" behind the plaintiff's injury. Berg v. County of Allegheny, 219 F.3d 261, 276 (3d Cir. 2000); see also City of Canton v. Harris, 489 U.S. 378, 386 (1989) (holding that liability against a municipality on a section 1983 claim requires demonstration of a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation.").

    In this case, Desa bases his Monell claim on allegations that Piscataway had a policy and/or custom of inadequately investigating citizen complaints of police misconduct, had a history of tolerating instances of excessive force by police officers, and failed to adequately supervise and train its officers. The record is devoid of evidence showing that Piscataway knew of and acquiesced in the use of excessive force by its officers. It contains no proof of a pattern of

excessive force nor evidence that the municipality was aware of prior incidents and inadequately investigated complaints of such misconduct. As to the failure to train and/or supervise allegation, Plaintiff fails to proffer proof that Piscataway's training and/or supervision of its officers was inadequate and points to no evidence that Piscataway acted with deliberate indifference to the consequences of its policies or practices. It is well-established that where the policy "concerns a failure to train or supervise municipal employees, liability under section 1983 requires a showing that the failure amounts to 'deliberate indifference' to the rights of persons with whom those employees will come into contact." Thomas v. Cumberland County, 749 F.3d 217, 222 (3d Cir. 2014) (citing City of Canton, 489 U.S. at 388).

Plaintiff, in response, makes no attempt to refute Piscataway's assertion that the record lacks evidence to support his Monell claim. Once the moving party has satisfied its initial burden, the party opposing the motion must establish the existence of a genuine issue as to a material fact. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir.1985). The party opposing the motion for summary judgment cannot rest on mere allegations; instead, it must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) (holding that "unsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment"). In his opposition papers, Plaintiff not only fails to proffer evidence which, viewed in a light most favorable to Plaintiff, might create a genuine issue of material fact as to the civil rights claim against Piscataway, but he fails to address the section 1983 Monell claim at all.

In sum, Piscataway has demonstrated that there is no proof in the record of any policy, practice or custom which caused Desa to allegedly suffer an unconstitutional use of force in

connection with the actions of Detective Ritter.  Nor has the Court's own review of the record

indicated the existence of a genuine issue of material fact as to Plaintiff's section 1983 claim

against Piscataway. Plaintiff's failure to controvert the movant's assertions as to the lack of

evidence to support this claim, together with Piscataway's satisfaction of its Rule 56 burden,

warrant a grant of summary judgment on the section 1983 <u>Monell</u> claim. Fed. R. Civ. P. 56(e)(3).

      With regard to the negligence claim he has asserted against Piscataway, Plaintiff

similarly fails to address any argument made by Piscataway in its motion for summary judgment.

Plaintiff claims that Piscataway breached its duty to protect him, as an individual in custody,

from Ritter's actions during the arrest. Piscataway argues that the negligence claim is barred by

the immunity conferred on public entities by the New Jersey Tort Claims Act ("Tort Claims

Act"), N.J.S.A. 59:1–1, <u>et seq.</u> The Tort Claims Act effectively "modifies the doctrine of

sovereign immunity and creates limited situations in which parties may assert tort claims against

public entities." <u>Feinberg v. State of New Jersey</u>, 137 N.J. 126, 133 (1994). It provides public

entities immunity from tort claims unless liability is expressly allowed. N.J.S.A. § 59:2–1.

Piscataway maintains that because Plaintiff's negligence claim is actually predicated on the

alleged assault and battery by Detective Ritter, Piscataway is entitled to immunity under the

provision of the Tort Claims Act which provides as follows: "A public entity is not liable for the

acts or omissions of a public employee constituting a crime, actual fraud, actual malice, or

willful misconduct." N.J.S.A. § 59:2-10. In other words, Piscataway maintains that, although the

claim is styled as a cause of action for negligence, it essentially seeks to hold Piscataway liable

for an intentional tort allegedly committed by Detective Ritter when he shot Plaintiff in the

course of the October 16, 2012 arrest.

The Court finds that Piscataway is entitled to summary judgment on Plaintiff's negligence claim. The claim is barred by N.J.S.A. 59:2-10. Any tort liability on the part of Piscataway, a public entity, would necessarily flow from the alleged "willful misconduct" of its officer and is thus barred by the Tort Claims Act. Id.; see, e.g., Ward v. Barnes, 545 F. Supp. 2d. 400, 420-421 (D.N.J. 2008) (granting summary judgment to the public entity defendants based on the immunity conferred by section 59:2-10 of the Tort Claims Act, finding that "there is no legal basis for permitting *respondeat superior* liability to public entities on the theories of battery and intentional infliction of emotional distress, which are acts that require 'actual malicious or willful misconduct.'"). Plaintiff has raised no argument opposing Piscataway's right to invoke the immunity conferred by the Tort Claims Act. As the Court has found that Piscataway is entitled to immunity on Plaintiff's tort claims, summary judgment will be granted.

Accordingly, and for the reasons expressed, the Court will grant Piscataway's motion for summary judgment in its entirety. An appropriate Order will be filed.


         ____ s/ Stanley R. Chesler ____
         STANLEY R. CHESLER
         United States District Judge

Dated: October 13, 2017